Me. Justioe Westoott
delivered the opinion of • the court, refusing a rehearing.
In the opinion of the court, the question of the jurisdiction of the Probate Court in this case is stated accurately as it is presented by the record. The court confined‘ itself to the consideration of this case, carefully examined the whole subject, announced the principle controlling this• case, and applied it. The order of sale of the court directs no distribution of the proceeds of the sale if there is' any excess after payment of debts, and the final order of'the court, rendered after the sale, directs the administrator to “hold” the balance, if there should be any. ' If, in such case, there should be a small excess, it would not affect the’jurisdiction of the court. All of the instructions as to the necessity for a petition which the court gave at the request of the plaintiff, were unnecessary. The court should have simply instructed that the statute requiring no petition in such a case, it was immaterial that an improper one had been presented, if the court found in its decree that the jurisdictional fact was shown.
As to the charges of the court.
It is true that the appellant states that there was conflict in “charge seven for plaintiffs, and charge seven for defendants in this, that for the plaintiff the court decides that the Probate- Coürt never had jurisdiction, and hence charge seven for defendants should not have been given.” The statement ddes not disclose where the supposed conflict is. It does not even recite charge seven for the defendants. But whether there is or is not a statement of conflict such as is' claimed by appellant, is immaterial. Charge seven for plaintiff • simply states under what circumstances the Circuit Court has jurisdiction to sell the lands belonging' to intestate estates. This was not -such a case; there was no order of the Circuit Court here, and the charge was unne-cessary. Charge seven for defendants is to the effect that} in an action of ejectment involving the effect of an administrator’s deed, the regularity or legality of an administrator’s appointment cannot be inquired into collaterally, if it was brought before the court by proper petition. This charge also directed that if it was found that the proceedings in administration were substantially regular, and the Probate Court had jurisdiction, the administrator’s deed, if recorded previous to 18?5, takes precedence of any previous unrecorded' ’deed. These charges relate to different matters, and to state that there is any conflict is such a clear misapprehension as would only result from a failure to make any accurate examination of the matter.
As to the other alleged conflicts, it is only necessary to refer to what is stated in the opinion.